UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JERMAINE FANN,

       Plaintiff,

  -v-                                              14-CV-6187-FPG
                                                          DECISION AND ORDER
NURSE ARNOLD et al.,

       Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Jermaine Fann, formerly a prisoner at the Orleans Correctional Facility, brought this action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Defendants have moved to dismiss this action because Plaintiff failed to appear for his deposition on February 22, 2017. ECF No. 46-2 at 2. As a consequence, Defendants seek dismissal of the action, or in the alternative, that Plaintiff pay the stenographer's cost for the missed deposition. Plaintiff responded to the motion, and admits that he failed to update the Court with his current address and did not appear for his deposition because he never received the deposition notice. ECF No. 50. For the reasons below, the Defendants' Motion to dismiss is denied. In addition, Plaintiff must comply with Local Rule 5.2(d) regarding his current address and he will be required to pay the reasonable stenographer's cost of the missed deposition.

## BACKGROUND

Plaintiff filed this action while he was a prisoner, but was released from custody on August 23, 2016. ECF No. 46-2 at 1. Magistrate Judge Marian W. Payson conducted a Rule 16 scheduling conference with the parties on October 19, 2016. ECF No. 38. After the conference,

1

Magistrate Judge Payson ordered that all discovery was to be completed by May 8, 2017. ECF No. ECF No. 37.

On January 12, 2017, Defendants filed and served a notice to take Plaintiff's deposition on February 22, 2017. ECF No. 45. However, Plaintiff did not respond to the deposition notice, nor did he appear for the scheduled deposition. On February 24, 2017, two days after the missed deposition, Defendants filed the instant Motion to dismiss. ECF No. 46. In response, Plaintiff filed letters with the Court on March 2, 2017 and March 30, 2017, and admitted that he failed to keep the Court and Defendants apprised of his current address. ECF Nos. 49, 50. Plaintiff describes his conduct as an "honest failure" and further declared his availability to be deposed. ECF No. 50.

## DISCUSSION

"[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990) (citations and internal quotation marks omitted). Fault is all-encompassing and certainly present here, but the Court sees no evidence of bad faith or willfulness on the part of Plaintiff in failing to appear for the scheduled deposition. *See Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986).

To be clear, Plaintiff should have – and did not – keep the Court informed of his current address as required by the Local Rules. As a result, Plaintiff did not receive the deposition notice, and he admits this was because he failed to update his address. Defendants appear to recognize that dismissal is an extreme response to the failure to appear, requesting "perhaps" a lesser sanction be imposed if Plaintiff responds to their motion to dismiss. ECF No. 46-2 at 4.

The lesser sanction requested is that Plaintiff pay the stenographer costs for the missed deposition.

The harsh sanction of dismissal is appropriate under Fed. R. Civ. P. 37 where a Plaintiff demonstrates willfulness or bad faith. Here, while the Plaintiff's failure to update his address is unacceptable, he rectified this problem by letter dated February 27, 2017 (ECF No. 48), and provided his current address. As a result, the Court finds that dismissal is inappropriate. Similarly, Defendants also requested dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute based on Plaintiff's failure to appear at his deposition on February 22, 2017. As stated, Plaintiff updated his address shortly thereafter, and Plaintiff responded to the instant Motion to Dismiss on March 2, 2017. ECF No. 48. Again, this period of inaction, while unacceptable, does not warrant the extreme sanction of dismissal.

What is undisputed is that Plaintiff failed to maintain a current address with the Court (required by Local Rule of Civil Procedure 5.2(d)), and that resulted in his failure to attend his deposition. Due to this failure, the Defendants have incurred the expense of having a stenographer present to take testimony which was not given. As an appropriate sanction, the Court directs Plaintiff to pay the stenographer's non-appearance fee incurred by Defendants pursuant to Fed. R. Civ. P. 37(d)(3). Defendants shall notify Plaintiff of that fee promptly, and Defendant shall pay that fee to Defendants within 30 days.

The parties shall promptly confer with each other, and shall submit a proposed amended schedule for discovery to Magistrate Judge Payson within ten days from the date of this Order, as was previously directed by Judge Payson in her prior Order. *See* ECF No. 51.

**CONCLUSION**

Defendants' Motion to Dismiss (ECF No. 46) is DENIED, but Plaintiff shall pay the stenographer's fee that was incurred by Defendants for Plaintiff's non-appearance at his deposition. The parties shall submit proposed discovery deadlines to Magistrate Judge Payson within ten days.

IT IS SO ORDERED.

DATED: August 9, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court