UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

JERMAINE FANN,

                Plaintiff,                Case # 14-CV-6187-FPG

   v.                                                DECISION AND ORDER

NURSE ARNOLD, et al.,

                Defendants.
───────────────────────────────

*Pro se* Plaintiff Jermaine Fann, formerly a prisoner at Orleans Correctional Facility, brought this action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Presently before the Court is Defendants' Motion to Dismiss, in which they note that Plaintiff failed to appear at his deposition on February 22, 2017, failed to respond to counsel's letters, and has had no contact with counsel or the Court since the Court denied Defendant's prior Motion to Dismiss on August 9, 2017. ECF No. 53-1 at 1-2. Thus, Defendants request that the Court dismiss this action for failure to prosecute. Plaintiff has not responded. For the reasons that follow, Defendants' motion is granted.

## BACKGROUND

Because Plaintiff filed this action while he was a prisoner and the Court granted him *in forma pauperis* status, the Court initially screened his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. On May 7, 2015, the Court dismissed several claims and Defendants. ECF No. 12. The remaining Defendants were served and filed an Answer. ECF No. 21. Plaintiff was released from custody on August 23, 2016. ECF No. 46-2 at 1. On October 19, 2016, a Rule 16 conference was conducted before United States Magistrate Judge Marian W. Payson. ECF No. 37.

Discovery proceeded, and Defendants filed a notice to take deposition on January 12, 2017, to be conducted on February 22, 2017. ECF No. 45. Plaintiff did not respond or appear and Defendants moved to dismiss. ECF No. 46. Plaintiff filed a letter on March 2, 2017, admitting that he failed to keep the Court apprised of his current address. ECF No. 49. Plaintiff opposed the Motion, argued that he made an "honest failure," and declared his availability to be deposed. ECF No. 50. On August 9, 2017, the Court denied the Motion to Dismiss, but imposed a sanction of $75 upon Plaintiff, which represented the fee Defendants paid the court reporter for the deposition. ECF No. 52. Counsel wrote to Plaintiff regarding the fee on August 11, August 23, and September 26, 2017. ECF No. 53-1 at 5-6, 8. Plaintiff did not respond. Defendants now move to dismiss for failure to prosecute. ECF No. 53.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In reviewing a motion to dismiss for failure to prosecute, the Second Circuit has

> fashioned guiding rules that limit a trial court's discretion in this context, out of recognition, as noted, that dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." In particular, we review the trial court's decision by examining whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (internal citations omitted).

With regard to the first factor, Plaintiff's cumulative failure to prosecute has restricted activity in this action to motions to dismiss for failure to prosecute since he failed to appear at his deposition on February 22, 2017—a period of 17 months. "[P]laintiff's 17-month delay was

2

significant. Indeed, this length of time is comparable to, if not longer than, delays that have supported dismissals in other cases." *U.S. ex rel. Drake*, 375 F.3d at 255. *See also Brow v. City of New York*, 391 F. App'x 935, 937 (2d Cir. 2010) (approving dismissal where plaintiff caused a delay of nearly six months from when his deposition was originally noticed and when he failed to appear for the final time) (summary order).

With regard to the second factor, Plaintiff knew that his failure to prosecute could result in dismissal, because the Court discussed this possibility in its Order on Defendants' prior Motion to Dismiss. ECF No. 52 at 2-3. Further, Defendants' attorney wrote to Plaintiff on September 26, 2017, and warned him that if he did not respond by October 4, 2017, Defendants would move to dismiss for failure to prosecute. ECF No. 53-1 at 8.

The third factor considers whether Defendants will be prejudiced by further delay. "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable. In cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *U.S. ex rel. Drake*, 375 F.3d at 256 (internal citations and quotation marks omitted). Here, the Court finds that prejudice should be presumed based upon Plaintiff's lengthy and inexcusable failure to respond to any communication.

The fourth factor balances the need to alleviate court calendar congestion against Plaintiff's right to be heard. While Plaintiff's opportunity for a day in court is important, Plaintiff has shown little interest in availing himself of that opportunity. This must be balanced against the Court's congested calendar, which is a significant and growing problem. On balance, the Court finds that this factor weighs in favor of dismissal.

The fifth and final factor requires the Court to assess the efficacy of lesser sanctions. The Court finds that lesser sanctions would be ineffective, because Plaintiff ignored the monetary sanction imposed for failing to appear for his deposition. Thus, the Court finds that this factor weighs heavily in favor of dismissal.

## CONCLUSION

Plaintiff's extended inaction in this case warrants dismissal under Fed. R. Civ. P. 41(b). Accordingly, Defendants' Motion to Dismiss (ECF No. 53) is GRANTED and this action is DISMISSED WITH PREJUDICE for failure to prosecute. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: July 17, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court